UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philippe Charriol International Limited, <br><br>Plaintiff, <br><br>v. <br><br>A'Lor International Limited, <br><br>Defendant. | Case No.: 13-cv-01257-BAS-JLB <br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** <br><br>**[ECF No. 398]** |

Before the Court is Plaintiff Philippe Charriol International Limited's motion for sanctions (ECF No. 398), for which the Court granted it leave to file in conjunction with its May 13, 2015 motion to compel documents from Defendant A'lor International Limited. Also before the Court is A'lor's opposition to Plaintiff's motion to compel. (ECF No. 405.) Having thoroughly reviewed the papers before the Court and based on the Court's extensive knowledge of and involvement in the parties' discovery disputes, Plaintiff PCI's motion for sanctions is DENIED (ECF No. 398) as the Court concludes "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(b)(2)(C).

In this case, Plaintiff PCI made the litigation decision not to engage in early discovery, instead waiting until the end of discovery to propound the vast majority of its discovery on Defendant A'lor. (*See*, *e.g.*, ECF Nos. 160, 168, 185, 187, 203.) This

litigation decision was the catalyst for the extensive court-involvement in discovery disputes and the time pressures placed on the parties in discovery.  The Court and the parties discussed the realities of conducting and prioritizing discovery given what remained of the discovery schedule at the time PCI propounded the vast majority of its discovery.  The Court views the purported discovery delays and insufficiencies raised in PCI's motion in a light that considers the impact on discovery of PCI's aforementioned litigation decision.  When so viewed, the Court finds the sanctions requested inappropriate.

     The Court finds that A'lor expended substantial efforts and resources to comply, in good faith, with PCI's requests for A'lor's financial documents and the Court's orders interpreting them.  (*See* ECF No. 405.)  While the language of the discovery requests and Federal Rules contemplate the production of <u>data</u>, the focus of the parties in court conferences has been on the production of <u>documentation that exists</u> regarding that data.  A'lor produced all responsive, existing documentation concerning its financial data.  (*See* ECF No. 470 at 2.)  The Court recently ordered A'lor to produce certain financial data to the extent A'lor relied on it in this litigation.  (ECF No. 470.)  However, the need to produce this data was not necessarily apparent to A'lor given the unique procedural history and the focus of the parties on documentation in this case.  The Court concludes in its discretion that sanctions are inappropriate.

     Alternatively, PCI's request for sanctions is denied for failure to fulfill its burden of justifying the reasonable attorney fees sought.  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1306 (9th Cir. 1994) ("The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award.").  PCI offers to supplement the record with documentation of its fees.  (ECF No. 398 at 6 n.1.)  PCI should have sought court guidance or approval for the procedure it contemplated.  For this reason, ***and*** because of the alternative bases to deny PCI's motion, the Court declines to invite untimely record keeping submissions to meet PCI's current burden.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d at 1306 (in

1 denying a petition for attorneys' fees, "the district court was neither obligated to explain
2 what type of records should be submitted, nor to request additional information."); *see*
3 *also Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) ("Fee
4 applicants have the burden of producing evidence that their requested fees are 'in line
5 with those prevailing in the community for similar services by lawyers of reasonably
6 comparable skill, experience and reputation.'"); *Blair v. CBE Group, Inc.*, No. 13cv134-
7 MMA, 2014 WL 4658731, at *3-*5 (S.D. Cal. Sept. 17, 2014) (same).

8       Finally, the Court denies PCI's motion for sanctions as it relates to this Court's
9 order on A'lor's privilege log (ECF No. 309) for the following additional reasons. The
10 motion as it relates to A'lor's privilege log is untimely and procedurally improper under
11 Judge Burkhardt's Civil Chambers Rules. Neither the Court nor A'lor were put on
12 notice, as required, that PCI's motion for sanctions would seek sanctions for conduct
13 outside the scope of PCI's contemporaneously filed motion to compel. (*See* ECF Nos.
14 396, 405.) Further, PCI fails to include a declaration of compliance with the meet and
15 confer requirements as ordered (ECF No. 396) and fails to show how PCI's motion for
16 sanctions related to A'lor's privilege log is timely under Judge Burkhardt's meet and
17 confer requirements.

18       Therefore, for the reasons stated above, PCI's motion for sanctions (ECF No. 398)
19 is DENIED.

20       IT IS SO ORDERED.

21 Dated: February 4, 2016

                                          Hon. Jill L. Burkhardt
                                          United States Magistrate Judge